UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM PLUME,

                              Petitioner,

                                                        **Hon. Hugh B. Scott**

                    v.                                   05CV152A

                                                        **Report
                                                        &
JAMES CONWAY,                                           Recommendation**

                              Respondent.


        The petitioner has filed an application to this Court for habeas corpus relief pursuant to

28 U.S.C. § 2254 challenging his state court conviction (Docket No. 1).   Petitioner asserts the

following grounds in support of his Petition:  the state court's failure to suppress petitioner's

statements, abuses of discretion in allowing undisclosed witness to testify and denying petitioner

a continuance or substitution of counsel, ineffective assistance of appellate counsel, and

sufficiency of evidence.  This matter was referred to the undersigned for dispositive motions

(Docket No. 10, Nov. 3, 2005).

                                    **BACKGROUND**

        On December 16, 1999, petitioner broke into the house of Patricia Spaulding, in

Freedom, Cattaraugus County, New York.  When friends and relatives of Ms. Spaulding

searched the house, they found petitioner hiding in a closet with three knives.  Petitioner stabbed

Ms. Spaulding's son, Steve Spaulding, and neighbor Devere Bliss' son, Mark Bliss and then

injured Devere Bliss.  The police then arrived and arrested petitioner.  Petitioner was advised of

his <u>Miranda</u> rights by Deputy Scheidel and petitioner waived his rights and agreed to speak without his attorney being present.  Petitioner made a statement explaining how he got into Ms. Spaulding's house.  Detective Welling then advised petitioner of his <u>Miranda</u> rights again and petitioner signed a waiver of rights form.  Welling began to interview petitioner when Welling concluded that petitioner needed medical attention and brought petitioner to a hospital. Welling continued to question petitioner as and after petitioner was treated.  Welling recorded petitioner's answers to his questions and had petitioner review the answers to make any corrections (Tr.[1] 354).  Petitioner now contends that there was a break in his questioning and the resumption of the interrogation without being re-advised of his rights violated those rights and the state court should have suppressed those statements.

Petitioner was charged by a Cattaraugus County Grand Jury with one count of attempted murder in the second degree; six counts of burglary in the first degree; three counts of assault in the first degree; six counts of assault in the second degree; three counts of reckless endangerment in the first degree; three counts of criminal possession of a weapon in the third degree; three counts of criminal possession of a weapon in the fourth degree; and criminal possession of stolen property in the fifth degree.

On May 9, 2000, County Court Judge Larry Himelein held a <u>Huntley</u> hearing, <u>People v. Huntley</u>, 15 N.Y.2d 72, 255 N.Y.S.2d 838 (1965), to decide the admissibility of petitioner's statements to the police.  On July 11, 2000, petitioner was tried before a jury.  Petitioner sought an overnight adjournment at the close of the People's case so that petitioner could decide whether to testify or call witnesses on his behalf (Tr. 360-61).  The state trial court denied that request,

---

[1]"Tr." refers to the trial transcript in petitioner's criminal trial.

giving petitioner during the lunch hour to make that decision (Tr. 361, 377).  After conferring

with counsel (Tr. 379-80), petitioner decided not to testify at the trial (Tr. 380; see Docket No. 1,

Petition, at question 7).  In the middle of the trial, petitioner sought substitution of counsel,

which was also denied (Tr. 261-62).

Plaintiff was convicted of two counts of burglary in the first degree, two counts of assault

in the first degree (as to Steve Spaulding), two more counts of assault in the second degree (as to

Mark Bliss), one count of reckless endangerment in the first degree, three counts of criminal

possession of weapon in the third degree.  He was acquitted of attempted murder, assault in

second degree (as to Mark Bliss), assault in the third degree (as to Devere Bliss), and criminal

possession of stolen property.  The jury failed to address a count and the court dismissed the

charge of assault in first degree (as to Spaulding).  On September 9, 2000, petitioner was

sentenced to concurrent prison terms of twenty-five years on the burglary counts, to run

consecutively to concurrent prison terms of twenty-five years for the assault in the first degree

counts (for a total of fifty years), to run consecutively to concurrent terms for lesser amounts of

time for the assault in the second degree[2] counts, the reckless endangerment[3] counts, and the

weapons possession[4] counts.

---

[2]Petitioner was sentenced to seven years for both assault in the second degree counts.

[3]Petitioner was sentenced to three and one-half years for the reckless endangerment counts.

[4]Petitioner also was sentenced to three and one-half years for the weapon possession counts.

*State Appellate Proceedings*

Petitioner appealed his conviction to the New York State Supreme Court, Appellate Division, Fourth Department, which unanimously affirmed the judgment.  People v. Plume, 306 A.D.2d 916, 762 N.Y.S.2d 313 (4th Dep't) (Docket No. 9, Resp't Atty. Decl. Ex. D), leave denied, 100 N.Y.2d 644, 769 N.Y.S.2d 210 (2003) (Docket No. 9, Resp't Atty. Decl. Ex. F). Pertinent to one of petitioner's habeas claims, his appellate defense counsel briefed the harshness and excessiveness of his sentence (Docket No. 9, Resp't Atty. Decl. Ex. A, Def.-Appellant Br. at 57-60, Ex. C, Def.-Appellant Reply Br. at 29-30) but not whether the counts would be served consecutively or concurrently.  He filed a post-conviction petition for a writ of coram nobis, which the Fourth Department denied, People v. Plume, 12 A.D.3d 1206, 784 N.Y.S.2d 917 (4th Dep't 2004), leave denied, 2005 N.Y. LEXIS 1365 (N.Y. Apr. 7, 2005).

*Habeas Petition*

Petitioner filed the instant Petition on March 8, 2005 (Docket No. 1), alleging constitutional claims similar to those he raised on appeal or in his coram nobis petition. Petitioner contends that the trial court erred in not suppressing his statements to the police, given the break in questioning while he was being taken to the hospital.  He argues that the trial court abused its discretion in allowing an undisclosed prosecution witness (Christopher Starr) to testify.  Petitioner claims next that the trial court abused its discretion in not granting him a continuance to allow petitioner to prepare and to decide whether to testify or not.  He argues that the trial court erred in failing to allow him to substitute his counsel despite the breakdown in communications between him and his defense attorney.  Petitioner contends that the evidence was not sufficient.  He declares that the jury was not charged as to a justification defense, since

4

petitioner contends that he was acting in self-defense.  Finally, he points to purported ineffective assistance of appellate counsel in not briefing sentencing error (consecutive as opposed to concurrent sentence).

Respondent answered and filed the trial transcript and papers in opposition to the Petition (Docket Nos. 8, 9).

## DISCUSSION

I.     Exhaustion

In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts.  See Ayala v.  Speckard, 89 F.3d 91, 94 (2d Cir. 1996), citing Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (in banc), cert. denied, 464 U.S. 1048 (1984).  A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies with respect to the issues raised in the federal habeas petition.  Rose v. Lundy, 455 U.S. 509 (1982).  However, under 28 U.S.C. § 2254(b)(2), where appropriate the Court may deny the relief requested in the petition upon a review of the merits notwithstanding the failure of the applicant to exhaust state court remedies.

Respondent concedes that petitioner has exhausted his state remedies (Docket No. 8, Resp't Memo. at 12-13).  Based on the record before the Court, it appears that the petitioner has exhausted his state court remedies.  In any event, review of the claims asserted in the petition is appropriate under § 2254(b)(2).

II.     Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are

entitled to a presumption of correctness. <u>Matusiak v. Kelly</u>, 786 F.2d 536, 543 (2d Cir.), <u>cert.</u>

<u>denied</u>, 479 U.S. 805 (1986). (See also 28 U.S.C. § 2254(e)(1), which states that "a

determination of a factual issue made by a State court shall be presumed to be correct.")

As amended by the Antiterrorism and Effective Death Penalty Act of 1996[5] ("AEDPA"),

28 U.S.C. § 2254(d) provides that a habeas corpus petition may not be granted with respect to

any claim that was adjudicated on the merits in state court unless the state court's adjudication of

that claim:

> (1)     resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
>
> (2)     resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented
> in the State court proceeding.

The habeas corpus petitioner shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence. The presumption of correctness attaches to

findings both by state trial courts and by state appellate courts.  <u>Smith v. Sullivan</u>, 1 F. Supp. 2d

206, 210-11 (W.D.N.Y. 1998) (Larimer, Ch.J.); <u>Nevius v. Sumner</u>, 852 F.2d 463, 469 (9th Cir.

1988), <u>cert. denied</u>, 490 U.S. 1059 (1989).  As noted by then-Chief Judge Larimer in <u>Smith</u>, "the

new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the

---

[5]     Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132,
110 Stat. 1214.

burden to show by clear and convincing evidence that the state court's decision was defective in some way." Smith, supra, 1 F. Supp. 2d at 211.

Prior to the enactment of the AEDPA, § 2254(d) provided that a state court "determination after a hearing on the merits of a factual issue . . . shall be presumed to be correct," unless certain specified exceptions existed. When it enacted AEDPA, Congress changed the language dealing with the presumption of correctness of state court findings of fact and moved it to § 2254(e), and also added the current version of § 2254(d). The amended statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir.1997) (quoting Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir. 1996), cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir.1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion").

III.    Failure to Preserve for Habeas Corpus Review

Initially, it should be noted that the petitioner has failed to preserve several arguments for habeas corpus review. Federal habeas review is barred when a state court expressly relied on a procedural default as an independent and adequate state ground. See Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977). "A federal court is generally precluded from reviewing any claim included within the habeas petition for which a 'state court rests its judgment on an adequate and independent state ground, including a state procedural bar.'" Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y.1995) (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per curiam)). A state procedural bar arises through a failure to

7

make a timely appeal, or through a failure to preserve a claim for appeal through contemporaneous objection.  Reid, supra, 961 F.2d at 377.  Failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless petitioner is able to demonstrate both cause for the procedural default and actual prejudice attributable thereto.  Wainwright, supra, 433 U.S. at 81-91 (1977);  Washington v. LeFerve, 637 F. Supp. 1175, 1177 (E.D.N.Y.1986).  "In order to demonstrate cause for his procedural fault, petitioner would have to show that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"  Washington, supra, 637 F. Supp. at 1177 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  These principals have been applied even where a defendant represents himself at trial.  Reed v. Farley, 512 U.S. 339 (1994); Wells v. LeFavre, 1996 WL 692003 (S.D.N.Y. 1996).

Here, the Appellate Division held that many of the grounds petitioner now alleges in his habeas Petition were not raised for appellate review, People v. Plume, 306 A.D.2d 916, 917, 762 N.Y.S.2d 313, 313, 314 (4th Dep't), leave denied, 100 N.Y.2d 644, 769 N.Y.S.2d 210 (2003), such as suppression of petitioner's statements, the abuse of discretion in allowing the undisclosed witness to testify for the People, and petitioner's challenges to the sufficiency of the evidence against him.

Alternatively, the Fourth Department reviewed the merits of several of these claims and found they lacked merit.  Plume, supra, 306 A.D.2d at 917, 762 N.Y.S.2d at 313, 314.

A.     Suppression of Petitioner's Statements

The Fourth Department, applying New York law, also held that the police were not obliged to repeat Miranda warnings to petitioner during the break in their questioning so long as

the custody was continuous, id. at 917, 762 N.Y.S.2d at 313. The fact that a suspect, advised of

his Miranda rights, has the questioning stopped and later resumed does not require that the

suspect be re-advised of his rights.  United States v. Banner, 356 F.3d 478, 480 (2d Cir. 2004)

(per curiam) (questioning by different sovereign entities does not require re-administration of

Miranda warnings).  Renewal of the warning of petitioner's rights is usually not required and is

required only if the circumstances have drastically changed from the initial advising "that [the

suspect's] answers no longer [are] voluntary, or . . . he no longer [is] making a 'knowing and

intelligent relinquishment or abandonment' of his rights." Wyrick v. Fields, 459 U.S. 42, 47

(1982) (quoting Edwards v. Arizona, 451 U.S. 477, 482 (1981)).

     Miranda and its progeny do not require the defendant to have his rights re-administered

after each break in questioning.  Petitioner has not shown that his answers after his

hospitalization were any less voluntary than those given before, after he was twice advised of his

rights and waived them twice.  There was no significant break in the questioning while petitioner

was being treated, hence he was in continuous custody and his earlier waiver applied throughout

the course of his custody.  Alternatively, petitioner's Petition on this ground should fail on its

merits as well as for procedural default.

     B.     Sufficiency of the Evidence

     Petitioner challenges the sufficiency of the evidence for most of the charges.  He argues

that the element of intent was not established for either the first degree burglary, see N.Y. Pen. L.

§ 140.30(2), (3), or the assault counts, see N.Y. Pen. L. §§ 120.10(1), (4), 120.05(1), (6) (Docket

No. 13, Pet'r Memo. at 9; see Docket No. 9, Resp't Atty. Decl. Ex. A, Pet'r Appellate Br. at 42-

52, 44-47).  This turns on petitioner's credibility, namely in his statements to the police.

The Fourth Department first held that petitioner failed to preserve these issues for appellate review, Plume, supra, 306 A.D.2d at 917, 762 N.Y.S.2d at 314 (4th Dep't), leave denied, 100 N.Y.2d 644, 769 N.Y.S.2d 210 (2003), but alternatively held that there was sufficient evidence for the charges, id. at 917-18, 762 N.Y.S.2d at 314.  The Fourth Department found that the evidence was sufficient to support the burglary conviction (since there was evidence to establish that petitioner knowingly entered the victim's house unlawfully and with criminal intent), the assault conviction (since there was evidence to establish that petitioner intended to cause serious physical injury to the victims), and the reckless endangerment conviction (since there was evidence of petitioner engaging in conduct that created a grave risk of death to another person),  Plume, supra, 306 A.D.2d at 314, 762 N.Y.S.2d at 917-18 (citations omitted).

In considering the petitioner's challenge to the sufficiency of the evidence supporting his conviction,  the Court must review the evidence "in the light most favorable to the Government."  United States v. Amato, 15 F.3d 230, 235 (2d Cir. 1994).  All inferences from the evidence and issues of credibility must be resolved in favor of the verdict.  United States v. Aulicino, 44 F.3d 1102, 1114 (2d Cir. 1995); Amato, supra, 15 F.3d at 235.  In this regard, the petitioner bears "a heavy burden." United States v. Matthews, 20 F.3d 538, 548 (2d Cir. 1994).

The Supreme Court has cautioned the federal courts that, under this standard, the jury retains almost the entire range of its traditional discretion as sole judge of the facts.  It is the jury, as the trier of fact, that has the responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  The Court may impinge upon jury discretion only to the extent necessary to guarantee the fundamental protection

of due process of law.  Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original) (footnotes omitted).  Therefore, this court is not free to make credibility judgments about the testimony presented at petitioner's trial or to weigh conflicting testimony.  United States v. Zabare, 871 F.2d 282, 286 (2d Cir. 1989) (on appellate challenge to sufficiency of evidence, "the reviewing court must draw all reasonable inferences and resolve all issues of credibility in favor of the verdict");  Gruttola v. Hammock, 639 F.2d 922, 928 (2d Cir. 1981) (rejecting insufficient evidence claim because jury was entitled to believe State's witnesses despite inconsistencies in their testimony and State's evidence);  Soto v. Lefevre, 651 F. Supp. 588, 592 (S.D.N.Y.1986) (federal habeas court has no power to redetermine comparative credibility of conflicting eyewitness testimony);  Milton v. Riley, 1988 WL 140663 (E.D.N.Y. 1988) (federal habeas court must adhere to credibility findings of state jury).

Petitioner here can not meet his heavy burden to show that the evidence of intent for either burglary or assault was insufficient.  As for the burglary count, there was sufficient evidence from Ms. Spaulding's testimony (for example) for a jury to find that petitioner intended to enter her house to commit a crime.  As for the assault charges against Steve Spaulding and Mark Bliss, the People did not need to introduce evidence that petitioner intended to injure these particular persons.  Sufficient evidence was produced, from petitioner stabbing Spaulding and Bliss multiple times and hiding in a closet with knives, to support the verdict convicting petitioner of assault.

Therefore, either for procedural default or on the merits, petitioner's contentions as to the sufficiency of the evidence against him should be rejected.

11

* * * *

Thus, petitioner's remaining claims that he argued on appeal are the trial court's alleged abuse of discretion in denying him a continuance and in denying him the opportunity to change counsel, the missing justification charge, and ineffective assistance of appellate counsel.

IV.     Abuse of Discretion Decisions

Petitioner argues that the trial court abused its discretion in two instances, first, in denying him a continuance at the close of the People's case and, second, in not allowing him to substitute his defense counsel.

A.     Denied Continuance

The grant of a continuance is within the discretion of the trial court, reviewed on appeal only on an abuse of discretion standard. Avery v. Alabama, 308 U.S. 444, 446 (1940). "Only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the [Constitution]," Drake v. Portuondo, 321 F.3d 338, 344 (2d Cir. 2003) (quoting Morris v. Slappy, 461 U.S. 1, 12 (1983)). The denial of a requested continuance is not contrary to or an unreasonable application of Supreme Court precedent, id. The trial court here afforded petitioner a lunch break and a few minutes at the close of the People's case to discuss with counsel whether to have petitioner testify (Tr. 361, 377, 379-80), with the court advising petitioner of his rights to testify and his right to remain silent and not testify (Tr. 378-79). As noted in Drake, supra, 321 F.3d at 344, the Supreme Court has not set a standard amount of time a trial court should grant for a defendant's requested continuance, thus the "contrary to" prong of 28 U.S.C. § 2254(d) does not come into play, cf. Williams v. Taylor, 529 U.S. 362, 404 (2000) (O'Connor, J., opinion of the Court); Docket No. 13, Pet'r Memo. at 6-7.  Thus, the trial court

12

here did not make an unreasonable application of existing federal law under § 2254(d), and

habeas review should not be granted for this claim.

    B.      Denied Substitution of Counsel

    Petitioner sent the trial court a letter[6] indicating that defense counsel made "rude and

insulting" comments and implied that he believed that petitioner would be convicted (Docket

No. 8, Resp't Memo. at 23).   Petitioner stated in court that he believed that the comments made

(apparently by counsel) were denying him a fair trial (Tr. 261), without elaborating on what those

comments were.   The court inquired into this, vouched for defense counsel as an attorney, but

declined to remove defense counsel from the case (Tr. 261-62).   Defense counsel did not

comment on petitioner's letter or the state of their relationship or his ability to communicate with

his client.

    Petitioner argues that he has a right to counsel of his own choosing (Docket No. 13, Pet'r

Memo. of Law at 7-8), see Chandler v. Fretag, 348 U.S. 3 (1954); Baird v. Koerner, 279 F.2d

623 (9th Cir. 1960) (upholding attorney-client privilege).   Chandler, however, involves a

criminal prosecution where the defendant proceeded pro se and was denied the opportunity to

select any counsel.   Here, the issue is the relationship between petitioner and his counsel and

whether there was a breakdown constitutionally sufficient to warrant a new criminal trial.   To

justify a substitution of counsel, there must be a complete break down in communication or an

irreconcilable conflict between client and counsel, see McKee v. Harris, 649 F.2d 927, 931 (2d

Cir. 1981).   Despite the fact that this letter is not presented as part of the record for this habeas

_____

    [6]A copy was included in his Appellate Division Appendix, at 244-25, but that Appendix
was not included with the state court record.   See also Docket No. 8, Resp't Memo. at 23.

13

review, and it appears to be the single instance of petitioner complaining about his

representation, it does not appear to rise to the level of an irreconcilable conflict or a complete

breakdown in communications to warrant substitution or concluding that the state court erred in

not substituting counsel in that situation.  Therefore, habeas relief is not warranted for this claim.

V.      Justification Charge

        Petitioner contends that he should have had a justification charge given to the jury for his

assault charges.  The propriety of a jury charge is ordinarily a question of state law and does not

rise to the level of a federal constitutional issue, see Estelle v. McGuire, 502 U.S. 62, 71-72

(1991); Cupp v. Naughten, 414 U.S. 141, 146 (1973) (Docket No. 8, Resp't Memo. at 30-31).

The omission from a jury charge must be shown to violate some federal right, see Cupp, supra,

414 U.S. at 147.  Under New York law, a justification defense is warranted where a party

reasonably believes that another person is using or about to use deadly force and retreat from that

person is unavailable, N.Y. Pen. L. § 35.15(2)(a).  That defense is not available if the party (as

petitioner was here) was the provoker or initial aggressor, id. § 35.15.  Where the justification

charge is not supported by the evidence, due process does not require that this charge be given.

See Blazic v. Henderson, 900 F.2d 534, 541 (2d Cir. 1990).  Therefore, petitioner's claim should

fail.

VI.     Ineffective Assistance of Appellate Counsel

        Petitioner raised the ineffectiveness of his appellate counsel in his coram nobis petition

before the Appellate Division, which the Fourth Department denied, Plume, supra, 12 A.D.3d

1206, 784 N.Y.S.2d 917 (4th Dep't 2004), leave denied, 2005 N.Y. LEXIS 1365 (N.Y. Apr. 7,

2005).  Petitioner's claim of ineffective assistance must be analyzed according to the standards

set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  In <u>Strickland</u>,

the Court stated that the test for an ineffective-assistance claim in a habeas corpus case is

whether the petitioner received "reasonably competent assistance."  <u>Id.</u> 466 U.S. at 688.  In

deciding this question, the court must apply an objective standard of reasonableness.  <u>Id.</u>

Generally, defense counsel are "strongly presumed to have rendered adequate assistance . . ."  <u>Id.</u>

at 690.  To succeed on such a claim, then, the petitioner must "overcome the presumption that,

under the circumstances, the challenged action 'might be considered sound trial strategy.'"  <u>Id.</u> at

689 (quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 101 (1955)).  This <u>Strickland</u> standard applies to

appellate counsel as well as trial counsel.  <u>Aparicio v. Artuz</u>, 269 F.2d 78, 95 (2d Cir. 2001).

If defense counsel's performance is found to have been defective, relief may only be

granted where it is shown that the defense was <u>actually prejudiced by counsel's errors</u>.

<u>Strickland</u>, <u>supra</u>, 466 U.S. at 692 (emphasis added).  Prejudice is established upon a showing

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different."  <u>Id.</u> at 694.  The court determines the presence or

absence of prejudice by considering the totality of the trial evidence.  <u>Id.</u> at 695.  For appellate

counsel, counsel need not raise every colorable claims on appeal, <u>Aparicio</u>, <u>supra</u>, 269 F.3d at 95;

<u>see</u> <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983), or raise every claim the client wishes raised, <u>see</u>

<u>Jameson v. Coughlin</u>, 22 F.3d 427, 429 (2d Cir. 1994).  The "failure to make a meritless

argument does not amount to ineffective assistance," <u>United States v. Arena</u>, 180 F.3d 380, 396

(2d Cir. 1999), <u>cert. denied</u>, 531 U.S. 811 (2000).

Here, appellate counsel argued (among other contentions, <u>see generally</u> Docket No. 9,

Resp't Decl. Exs. A, C) the severity of petitioner's sentence but not the impact of the terms being

15

imposed consecutively.  Respondent contends that petitioner's argument, that serving consecutive terms for the assault counts violates Penal Law § 70.25 because they were one continuous transaction (see Docket No. 1, Petition, Attachment # 7), was meritless because one assault count was for attacking one person (Mark Bliss) while the second assault count was for attacking another person (Steve Spaulding) (Docket No. 8, Resp't Memo. at 35-36), although arising from the same overall incident.  See People v. Gutierrez, 248 A.D.2d 295, 670 N.Y.S.2d 85 (1st Dep't 1998) (proper to impose consecutive sentences for crimes against separate victims).

Appellate counsel made a professional judgment as to which argument to raise or not, see Aparicio, supra, 269 F.3d at 95; see also Evitts v. Lucey, 469 U.S. 387, 394 (1985); Jones v. Barnes, 463 U.S. 745, 754 (1983).  The professional standard prong of Strickland places a strong presumption on counsel's conduct falling within the wide range of reasonable professional assistance and not to be viewed by the "distorting effects of hindsight," 466 U.S. at 689 (but cf. Docket No. 13, Pet'r Memo. at 11-12).  Assuming that professional standards required that petitioner's argument be made by counsel, petitioner has not shown that, but for this error, he would have prevailed in his appeal and received a reduced sentence.  Thus, appellate counsel's performance was not defective and the Appellate Division did not unreasonably apply Strickland in denying petitioner's ineffectiveness claim.  This claim also should be denied.

## CONCLUSION

Based on the above, it is recommended that the Petition (Docket No. 1) be **DENIED** in its entirety.

16

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

17

So Ordered.

_/s/ Hugh B. Scott_____

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
          May 1, 2006